THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 Overnite
 Transportation, Appellant,
 v.
 South Carolina Second Injury Fund, Respondent,
 [IN RE: Kenneth
 Teaster, Employee/Claimant
 v.
 Overnite
 Transportation, Employer/Carrier.]
 
 
 
 
 
 Appeal From Spartanburg County
  Roger L. Couch, Circuit Court Judge
 Unpublished Opinion No. 2008-UP-639
 Submitted November 3, 2008  Filed
 November 17, 2008   
 AFFIRMED
 
 
 
 
 
 David Hill Keller, of Greenville, for Appellant.
 Latonya Dilligard Edwards, of Columbia, for Respondent.
 
 
 
 
 PER CURIAM: Overnite Transportation (Overnite) appeals from a
 circuit court order affirming the Appellate Panels finding Overnite was not
 entitled to reimbursement from the South Carolina Second Injury Fund (the Fund)
 for Kenneth Teasters injuries.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
 1.  As to whether Teasters accidents involved physical injuries which
 resulted in the exacerbation of a pre-existing psychological condition: Stone
 v. Roadway Express, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006)
 (stating an issue must be raised and ruled upon by the Appellate Panel in order
 to be considered on appeal).
 2.
 As to whether Teasters mental injuries were entitled to compensation under the
 Workers Compensation Act pursuant to South Carolina Code section 42-1-160(B):
 S.C. Code Ann. § 42-1-160(B) (Supp. 2007) (stating an employee must establish
 by a preponderance of the evidence stress, mental injuries, and mental illness
 arising out of and in the course of employment and unaccompanied by physical
 injury should be considered a personal injury); Gray v. Club Group, Ltd.,
 339 S.C. 173, 182, 528 S.E.2d 435, 440 (Ct. App. 2000) (stating a reviewing
 court should affirm a decision by the Appellate Panel unless it is clearly
 erroneous in view of the substantial evidence of the whole record).
 3.  As to whether Teasters mental injuries were reimbursable under South Carolina Code section
 42-9-400(d)(34)(b) (Supp. 2003):[2] S.C. Code Ann. § 42-9-400(a) (Supp. 2007) (stating if an employee has a
 permanent physical impairment and incurs a subsequent disability from an injury
 arising out of an in the course of his employment, an employer may be
 reimbursed by the Fund if certain statutory conditions are met); S.C. Code Ann.
 § 42-9-400(d)(34)(b) (Supp. 2003) (explaining in order to qualify for reimbursement
 an employer must prove: (1) the employee had a pre-existing permanent physical
 impairment; (2) the employer had knowledge of employees permanent physical
 impairment; and (3) the pre-existing permanent impairment  combined with the
 subsequent injury to cause impairment in excess of  seventy-eight weeks under
 section 42-9-30).
 AFFIRMED.[3]
 WILLIAMS, PIEPER, and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] South Carolina Code section 42-9-400(d)(34)(b) (Supp.
 2003) was deleted by a 2007 amendment; however, it was applicable at the time
 of the alleged injury. 
[3] Overnites argument that the circuit court
 engaged in impermissible fact finding is manifestly without merit, and we
 decline to address it.  Rule 220(b)(2), SCACR.